RURAL SPECIAL SCHOOL DISTRICT No. 30 v. PINE BLUFF.

Opinion delivered February 16, 1920.

1. SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO ISSUE BONDS.— Bonds issued by the directors of a rural special school district organized under Acts 1909, No. 321, without authority of a majority of the electors, are void, even in the hands of a *bona fide* holder for value.

2. STATUTES—IMPLIED REPEAL.—Courts are slow to construe a statute as impliedly repealed where later legislation shows that the Legislature deemed it still a live statute.

Appeal from Columbia Chancery Court; *J. M. Barker,* Chancellor; reversed.

*Stevens & Stevens,* for appellant.

1. The bonds were issued without authority of law and therefore void, as there was no election at which directors could be authorized to issue the bonds. Rural special school districts were not to be governed by the laws of special school districts except as provided for in the act. The Acts 1909 and 1911, Acts No. 321 and No. 169, support our contention. Act 25, Acts 1913, does not expressly repeal any law and repeals by implication are not favored. Black on Int. of Laws, p. 351; 36 Cyc. 1071; 111 S. W. 1011; 76 Ark. 443; 34 *Id.* 499; 123 *Id.* 184; 123 *Id.* 481. If the act of 1869, with its amendatory acts, is a general act, it will not repeal the special act

creating and governing rural and special school districts. 29 Ark. 225; 63 *Id.* 397; 72 *Id.* 119; 93 *Id.* 621; 109 *Id.* 24.

2. Special laws to be made effective by the electors are not repealed by general laws. 83 S. W. 831. The two classes of schools are dependent upon the statutes which gave them existence, and neither will be repealed by a law with reference to the other unless expressly so. 69 Ark. 517; 93 S. W. 100; 83 *Id.* 382; 106 *Id.* 448.

There is no manifest intention to repeal Act 321, Acts 1909, and 169, Acts 1911, and both must stand. 112 Ark. 101. Appellee was not an innocent purchaser of the bonds, as the facts put it upon notice of any infirmity in the bonds. 90 Ark. 93; 121 *Id.* 634. The burden was on the board to show that they held the bonds without notice of any infirmity, and that a valuable consideration was paid for them. 48 Ark. 454; 56 *Id.* 510; 80 *Id.* 86.

3. Appellee's contract with Gunter did not authorize it to take a forfeiture on these bonds. 73 Ark. 342; 74 *Id.* 45; 112 *Id.* 6; 105 *Id.* 524.

4. The contract with Judge Gould, compared with the one with Gunter, shows the latter a much better one for the city than the one with Gunter and the inference is that the Board of Affairs of Pine Bluff never intended for Gunter to carry out the contract entered into with him with reference to the first $100,000 to be furnished the city by him.

The bonds and trust deed are void because issued without authority. The city did not act in good faith with Gunter; they gained by reason of his failure. Gunter did not own the bonds, but the appellant. Having lost nothing by Gunter's failure and refused to accept terms from him as to time payments of $100,000, the city could not pervail against Gunter, and ought not to prevail against appellant.

*A. R. Cooper* and *McKay & Smith*, for appellee.

1. The act, No. 321, Acts 1919, speaks for itself and applies to all special school districts, and the object was to place all on the same basis, an equal and uniform one,

and authorize them to borrow money and execute deeds of trust under appropriate resolutions of the board of directors. The act simply extends the power of special school districts and widens the limited powers conferred on them by special acts and applies to any and all special school districts as distinguished from common school districts. 105 Ark. 77; 88 *Id.* 324.

The general rule is that a general act is not intended to repeal a prior special act. 72 Ark. 119; 50 *Id.* 132. Where a statute is exclusive, that is, covers the whole subject-matter, it repeals by implication all prior statutes, general or special. 97 U. S. 546; 82 Ark. 302.

It was not the policy of the Legislature to single out rural special districts. The act of 1913 was intended to and did include all special districts as distinguished from common school districts and to place them on an equal and uniform basis, and the act of 1917 took up the whole subject anew and promulgated another policy about borrowing money.

2. The city was a *bona fide* holder of the bonds for a valuable consideration without notice of any invalidity or defect. 90 Ark. 93; 94 *Id.* 100; 104 *Id.* 388; 95 *Id.* 368; 96 *Id.* 105; 109 *Id.* 107. The burden was on appellant to show notice. 48 Ark. 454; 112 *Id.* 608; 113 *Id.* 28.

The bonds expressing on their face that they had been issued according to law estop the district from asserting the defenses urged against the city. 161 U. S. 442; 92 *Id.* 484; 106 *Id.* 183. They were executed by the president and secretary of the board in accordance with the resolution of the board and delivered as ordered and estops the board from setting up any defense as that no election was held. The bonds are valid obligations of the district. 161 U. S. 442; 106 *Id.* 183; 92 *Id.* 484. No election was necessary when these bonds were issued. The city was an innocent purchaser without notice for a valuable consideration. No wrong or fraud is shown and the decree should be affirmed.

HUMPHREYS, J. Appellant instituted suit against appellee in the Columbia Chancery Court on the 28th day of March, 1918, to enjoin appellee from disposing of four bonds, numbers 6, 7, 8 and 9, issued by appellant, and to cancel them, together with a deed of trust given by appellant to secure them. The gist of the allegations of the complaint is that, while said bonds and deed of trust constitute an apparent obligation in the sum of $2,000 against appellant district, they were issued as four bonds in the sum of $500 each, of a series numbered from 1 to 22, inclusive, to raise money to build and equip a schoolhouse for said district, by the directors of said district without authority and contrary to law; that no money was ever advanced to appellant upon said bonds or deed of trust.

Appellee answered, denying that the bonds were issued without authority in law, and alleging that it was the *bona fide* holder of said bonds and trust deed for a valuable consideration.

The cause was submitted upon the pleadings, evidence and exhibits, upon which a decree was rendered dismissing the complaint for want of equity, from which an appeal has been duly prosecuted to this court.

The facts are practically undisputed. In August, 1916, appellant district was organized under Act 321, Acts of the General Assembly of 1909. The directors of said district, through its president and secretary, issued a series of bonds, numbered 1 to 22, inclusive, of denominations of $500 each, bearing interest at the rate of six per cent. per annum, payable to bearer, and, to secure said bond issue, executed a trust deed upon the real estate owned by said school district for the purpose of raising money to erect and equip a school building upon the property mortgaged. The bonds and deed of trust bore date of October 15, 1916. The deed of trust was placed of record in the county of Columbia and the bonds were delivered, with interest coupons attached, to ——— Scully, agent of J. O. Gunter, upon the understanding that they would be negotiated and the sum of

$10,500 deposited to the credit of appellant district, subject to its check as the work of constructing the building progressed; that no fund was placed to the credit of the district or received by it for the construction of a building, and that all the bonds, except the four bonds in question, had been returned to the district. No annual school election was held between the time appellant district was organized and the date of the issue of the bonds and execution of the deed of trust, at which the electors of said district authorized the board of directors to borrow money for the purpose of constructing the school building. Subsequently to this time, J. O. Gunter entered into a contract with the Board of Public Affairs of the City of Pine Bluff to finance that city, and placed the four bonds in question in the hands of the city in lieu of an indemnity bond to guarantee performance of the contract on his part. According to the contention of the city, J. O. Gunter breached his contract, and the city appropriated the bonds under the forfeiture clause of the contract in which said Gunter agreed to finance the city. The city was afterward financed through the agency of Judge James Gould.

It is insisted by appellant that the bonds and trust deed are void because issued by the board of directors of said school district without authority. Act 321 of the Acts of the General Assembly of 1909, under which the district was organized, contains the following provision: "That all school districts created under this act shall have the power to borrow money as any other special or single school district in cities or incorporated towns, when a majority of the legal electors vote for same at any annual school meeting." This act was a general act, authorizing people in any given territory in any county of this State, other than incorporated cities and towns, to organize their territory into a special or single school district in the manner provided by the act. The school districts provided for by this act were characterized in an amendatory act of 1911 as "rural special school districts," as distinguished from special school districts in

cities and towns or special school districts created by special act. It goes without saying that if Act 321, Acts 1909, was in force and effect when the bonds were issued and the deed of trust executed on the 15th day of October, 1916, the act of the board of directors in issuing the bonds and executing the deed of trust was *ultra vires,* and the bonds therefore void in the hands of even a *bona fide* holder for value. All parties dealing with public officials must take notice of limitations or restrictions upon their power. In this sense, directors of a school district are public officials. It is contended, however, by appellee that Act 321 of the Acts of 1909, and the amendatory act thereto, No. 169 of the Acts of 1911, were repealed by Act 25 of the Acts of 1913. The latter act does not require the approval of a majority of the electors at an annual election in order for the directors to borrow money. It is urged that the latter act is broad enough in its terms to embrace rural special school districts, and, therefore, by necessary implication, repeals Act 321, Acts 1909, which placed such restriction upon the power of the board of directors to borrow money. The language relied upon in said Act 25, as embracing rural special school districts, is as follows: ''All free school districts in the State of Arkansas,'' etc. The identical language used in the amendatory act aforesaid was used in section 1, act 248, Acts 1905, which it amended, and the original act only included urban special school districts and special school districts created by special act of the Legislature. The purpose of the amending act of 1913 was not to embrace other classes of special school districts not included in Act 248, Acts 1905, but to empower the special school districts already included in said Act 248 to refund any indebtedness which had theretofore been incurred for the erection and equipment of necessary school buildings, and to execute new evidences of indebtedness and mortgages therefor. This intention of the Legislature was clearly evinced in the amendatory act by a repetition of the same language used in the section of the act amended down to the clauses added by way of amendment, which added

clause is as follows: "And to refund such indebtedness and execute new evidences of indebtedness and mortgages therefor." Again, Act 25, Acts 1913, only purports to amend one section of Act 248, Acts 1905, and does not, as contended by appellee, attempt to take up anew the whole subject of borrowing money by all classes of special school districts in Arkansas and cover the entire ground in relation thereto. The amendatory act of 1913 contains no repealing clause, and, being amendatory of one section of Act No. 248, Acts 1905, will not, by implication, repeal any statute not necessarily in conflict with the section as amended. It was said in the case of *Martels* v. *Wyss*, 123 Ark. 184, that, "Repeals by implication are not favored, and when two statutes covering the whole or any part of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible, to both; it is only where two statutes relating to the same subject are so repugnant to each other that both can not be enforced, that the last one enacted will supersede the former, and repeal it by implication." There is no necessary conflict between the section as amended and Act 321, Acts 1909, because both acts are general and may be considered as referring to different classes of special school districts just as they did by the use of the identical language in describing the classes of districts before the adoption of the amendatory act. Subsequent legislation indicates that we are correct in this conclusion. Act 180, Acts 1917, of the General Assembly of the State of Arkansas, in which the Legislature took up the whole subject of borrowing money by all classes of special school districts, referred to Act 321, Acts 1909, as a live statute and not one that had been repealed by Act 25, Acts 1913. The reference appears in section 1 of said Act 180, and is as follows: "Provided, further, that this act shall not be construed as authorizing any board of directors of any rural special or consolidated school district to issue bonds unless authorized to do so by the vote of the legal electors at the annual school election as provided in Act 321 of the Acts of 1909 of the General

Assembly of·the State of Arkansas.'' A court should be slow indeed to construe an act repealed by implication which had been treated by subsequent legislation, touching the same subject-matter, as a living, and not a dead, letter of the law. The court erroneously ruled that the bonds and mortgages were valid subsisting obligations in the hand of appellee against appellant district.

For the error indicated, the decree is reversed and the cause remanded with directions to order a surrender of the bonds and to cancel them and the deed of trust and the record thereof securing them.