## MILLER v. STATE.

## Opinion delivered September 25, 1922.

1. EMBEZZLEMENT—FAILURE OF OFFICER TO PAY OVER FUNDS.—Under Crawford & Moses' Dig., § 2832, it is an offense for a city collector to misappropriate funds intrusted to him by law, or to allow them to be misappropriated; his failure to pay over funds to his successor being of itself a wrongful misappropriation thereof.

2. EMBEZZLEMENT—MISAPPROPRIATION OF FUNDS.—Evidence that a city collector, who was also custodian of funds of various improvement districts, mingled the funds of the city and of the districts, and had insufficient funds on hand, warranted a conviction for misappropriating both funds, as the city and improvement districts would be entitled *pro rata* to the funds on hand.

3. EMBEZZLEMENT—INFERENCE FROM COMMINGLING FUNDS.—Where a city collector mixed funds of the city and of certain improvement districts so that it could not be ascertained whether funds on hand belonged to one or the other, the jury might infer that they were so mixed with intent to deprive the owner thereof.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Mehaffy, Donham & Mehaffy,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HART, J. The indictment in this case charges R. W. Miller, as city collector of the city of North Little Rock, with embezzling the public funds of that city, in violation of the provisions of sec. 2832 of Crawford & Moses' Digest.

From a judgment and sentence of conviction pronounced upon a verdict of guilty, the defendant has duly prosecuted an appeal to this court.

It is earnestly insisted by counsel for the defendant that the evidence fails to support the verdict, but in this contention we cannot agree with counsel, for the reasons which we shall now state.

During the year 1920, and up until April, 1921, the defendant, R. W. Miller, was city clerk and ex-officio

collector of the city of North Little Rock, in Pulaski County, Arkansas. When the defendant turned the office over to his successor, he had on hand city warrants of the face value of $1,834.68, cash in the sum of $1,010.22, and checks which, added to the above, amount to something over $6,000. An audit of his books showed that at the time he resigned his office he should have had on hand city funds to the amount of $5,531.63 and funds belonging to the various city improvement districts in the sum of $7,249.74. Other evidence tended to establish the correctness of the audit.

The defendant was a witness for himself. He could not account for his shortage of funds and did not claim to have on hand any funds except the city warrants, cash and checks above set forth. The defendant stated that he did not know how much of the money he had on hand belonged to the city, and how much belonged to the different improvement districts. He stated that the way he did was to check up the improvement districts and deposit money for them, and what he had left he considered as belonging to the city

Under this state of the record, counsel for the defendant contends that it was a matter of conjecture merely whether the defendant misappropriated the city funds or the improvement districts' funds, and that therefore the evidence is not legally sufficient to support the charge of embezzling the city funds.

Under the statute it was an offense for the defendant to misappropriate the funds intrusted by law to his care, or to allow them to be misappropriated. In other words, his wilful failure to pay over the public funds to his successor was of itself a wrongful misappropriation of the public funds in his hands. *Davis* v. *State*, 80 Ark. 310. The undisputed evidence shows that there was a shortage in his accounts with the city and that this shortage resulted from a misappropriation, either of the city funds, or of the improvement district funds, or both. In the very nature of things the city warrants belonged to the city, but

the cash on hand and the checks might have belonged to either the city or to the improvement districts.

The theory of the defendant is that the cash and checks on hand, when added to the face value of the city warrants, amounted to more than the sum he was accused of embezzling from the city, and that, because the record does not show to which fund the cash and checks should be applied, there is a failure of evidence to support a charge of embezzling the city funds.

The fallacy of this argument is that the defendant had the actual custody of both the city funds and the improvement district funds, and it was a violation of law to embezzle the funds of either. The defendant was short in his accounts as the custodian of these funds, and, from the evidence in the record, must have commingled the city funds and the improvement district funds. The defendant wrongfully mingled the funds, and it is not possible from the evidence to trace the city funds or the improvement districts' funds to any particular part of the cash and checks on hand turned over by the defendant to his successor in office.

Under this state of the record the city and the improvement districts would each be entitled to a *pro rata* part of the funds on hand. It results that the evidence is sufficient to convict the defendant of embezzling the city funds. The defendant mixed the city funds and the improvement district funds so that it could not be ascertained whether the funds on hand belonged to the one or the other. Under the circumstances, the jury might have inferred that the funds were so mixed with the intent to deprive the owner thereof. Otherwise a public officer would be able to escape the penalties of the statute by wrongfully commingling the various funds intrusted to his custody. Such is not the law, and it follows that the evidence is legally sufficient to support the verdict.

It is also contended by counsel that the court erred in failing to instruct the jury that, if they were unable

to determine whether the funds on hand were the city's funds or the funds of the various improvement districts, they should acquit the defendant.

This phase of the case was covered by the instructions given by the court. The jury was specifically told that the funds of the improvement districts were not the funds of the city, and in another instruction the jury was told that the ownership of the property taken was material, and that it must find beyond a reasonable doubt that the defendant was guilty of taking the property of the city of North Little Rock before it could convict him.

We find no reversible error in the record, and the judgment must be affirmed.