SAILER v. STATE.

Crim. 3983

Opinion delivered March 30, 1936.

*W. P. Smith* and *O. C. Blackford,* for appellant.

*Carl E. Bailey,* Attorney General, *Guy E. Williams* and *J. F. Koone,* Assistants, for appellee.

JOHNSON, C. J. Appellant, Jesse Sailer, was convicted in the circuit court of Craighead County for the crime of permitting his stock to range at large in violation of a local stock law, and sentence was imposed as authorized. by act 206 of 1925 from which this appeal comes.

For trial purposes in the circuit court it was stipulated by counsel that appellant was guilty of the crime charged, provided there existed a valid stock law in Texas and Little Texas townships in Craighead County.

The pertinent facts in reference to the establishment of the local stock law district under consideration are as follows: On October 10, 1934, upon petition of 25 per cent. of the electors in each of the townships affected, theretofore filed, the county court of Craighead County ordered an election to be held in Lester, Brookland, Herndon, Powell, Big Creek, Jonesboro, Nettleton, Greenfield, Gilkerson, Texas and Little Texas townships, and the following were submitted upon the ballot for consideration by said electors:

"For restraining horses, mules, asses, cattle, goats, sheep, and swine, both the male and female species from running at large."

"Against restraining horses, mules, asses, cattle, goats, sheep, and swine, both of the male and female species, from running at large." .

Subsequent to the election held in obedience to the directions aforesaid the election officials canvassed the returns and certified the result thereof to the county clerk as follows:

| Township | For Restraining | Against Restraining |
|---|---|---|
| Lester | 72 | 15 |
| Brookland | 77 | 8 |
| Herndon | 27 | 1 |
| Powell | 29 | 6 |
| Big Creek | 82 | 19 |
| Jonesboro | 574 | 78 |
| Nettleton | 105 | 18 |
| Greenfield | 41 | 19 |
| Gilkerson | 66 | 19 |
| Texas | 76 | 156 |
| Little Texas | 46 | 49 |
| TOTAL | 1,195 | 388 |

The above proceedings were authorized by and conformed to §§ 321 and 322 of Crawford & Moses' Digest as amended by subsequent acts.

Appellant's most serious contention for reversal is that act 118 of 1933 by implication repealed § 321 *et sequitur* of Crawford & Moses' Digest, and acts amendatory thereof, the law under which the complained of stock law district was organized and for this reason the organization and establishment thereof were void.

Repeals by implication are not favored by the courts, *Ætna Casualty & Surety Co.* v. *City of North Little Rock,* 157 Ark. 291, 248 S. W. 294, and the courts are reluctant to construe statutes so repealed where subsequent legislation recognizes their existence. *Rural Special School District No. 30* v. *Pine Bluff,* 142 Ark. 279, 218 S. W. 661.

Moreover, act 118 of 1933 has no application to stock law districts created and organized under § 321 *et seq.* of Crawford & Moses' Digest and acts amendatory thereof because: Section 1 of this act provides: ''In any county wherein the people had voted and provided for restraining horses, mules, asses, cattle, goats, swine or sheep from running at large, under the provisions of act No. 205 of the Acts of the General Assembly of 1927, which act was by the Supreme Court of Arkansas declared unconstitutional in the case of *Johnson* v. *Simpson,* 185 Ark. 1074, 51 S. W. (2d) 233, it shall be lawful for the

county court, upon petition of a majority of the legal electors of any one or more townships, to make and enter an order restraining the running at large of any two or more of the animals named in accordance with such petition.''

From the plain language of the act just quoted it is apparent that it applies only to such stock law districts as were created and organized under act 205 of 1927, which act we declared void in *Johnson* v. *Simpson,* 185 Ark. 1074, 51 S. W. (2d) 233. Section 2 of said act is limited in application and effect to stock law districts likewise organized under act 205 of 1927, because dependent upon § 1 for meaning and effect. Section 3 of said act expressly recognizes the continued existence of § 321 *et seq.* of Crawford & Moses' Digest by providing, ''the county court shall make and enter an order declaring the provisions of §§ 321 to 332, inclusive, of Crawford & Moses' Digest of the laws of Arkansas and acts amendatory thereof in force and effect, etc.''

It appears therefore that act 118 of 1933 does not by implication repeal § 321 *et seq.* of Crawford & Moses' Digest, and acts amendatory thereof, but on the contrary expressly recognizes their continued existence and validity.

Appellant's next contention is that since a majority of the electors voting in Texas and Little Texas townships voted against the formation of the stock law districts, no district was voted by the electors, but, if so, these two townships should be exempted.

With the wisdom of legislation we have nothing to do, and when § 321 *et seq.* of Crawford & Moses' Digest, and acts amendatory thereof are read and considered it is obvious that it was the legislative intent to permit a majority of the electors voting in the proposed district— and not a subdivision thereof—to control the creation and organization of said proposed district. We expressly held in *Felser* v. *Eubanks,* 143 Ark. 465, 220 S. W. 457, in construing § 1 of act 156 of 1915 which is now § 321 of Crawford & Moses' Digest, but slightly amended that three or more townships was the unit for the organization of stock law districts, and that petitions making each separate township the unit were void.

518

Appellant's contention that certain necessary things were omitted by the county clerk in the formation of the districts is likewise without substantial merit. On this point it suffices to say that the necessary petition to invoke the jurisdiction of the county court of Craighead County was duly filed and the requisite court order was made calling the election which resulted as aforesaid. We have repeatedly held that a county court acting within the powers conferred by the Constitution and statutes of the State is a court of superior jurisdiction, and such powers judicially exercised are not subject to collateral attack. *Stumpff* v. *Louann Provision Co.*, 173 Ark. 192, 292 S. W. 106; *Bragg* v. *Thompson,* 177 Ark. 870, 9 S. W. (2d) 24.

It follows from what we have said that appellant was rightly convicted under existing laws, and the circuit court's judgment so finding is in all things affirmed.