GREGORY v. CRUTCHFIELD.

4-7830                                    192 S. W. 2d 534

Opinion delivered February 18, 1946.

S. J. *Reid*, for appellant.

D. D. *Glover*, for appellee.

HOLT, J. September 14, 1944, a petition was filed in the Grant county court in part as follows: "Petition—Davis Township—We, the undersigned qualified electors of the townships designated herein, constituting twenty-

five per cent of the qualified electors therein, as shown by the election returns for Governor at the last election preceding the date of this petition, hereby petition the court for the privilege to vote on the question of restraining goats and swine from running at large in said county and or townships; and further petition that the court make necessary orders for such election to be held at the next general election of county or state officers or special election." (Then follows list of signers.)

A hearing was held on the petition October 2, 1944, and the court, among other things, found "that twenty-five or more per cent of the qualified electors of Fenter Township, Merry Green Township, River Township, DeKalb Township, Davis Township, which are three or more townships in a body in the county, as shown by the election returns for Governor at the last election preceding the date of the petitions, have petitioned the county court for the privilege to vote on the question of restraining goats and swine from running at large in these townships; that the court has jurisdiction of the subject matter and of the parties herein; that said election is prayed for under § 335 of Pope's Digest of the Statutes of Arkansas," etc., and ordered that an election be held in Fenter Township, Merry Green Township, River Township, DeKalb Township and Davis Township, at the next general election which is November 7, 1944, and the same is to go on the ballots with the following ballot title, to-wit: " 'For restraining goats and swine from running at large.' 'Against the restraining goats and swine from running at large'," etc. Thereafter on November 9, 1944, the election officials certified the returns of the election, held in obedience to the court order above, as follows:

| "DeKalb | FOR | 41 | AGAINST | 13 |
|---|---|---|---|---|
| Fenter | | 54 | | 33 |
| River | | 108 | | 18 |
| Davis | | 30 | | 46 |
| Merry Green | | 265 | | 182" |

May 5, 1945, appellants filed their "petition for injunction" against appellee, clerk, in which it was alleged "that on the 14th day of September, 1944, there was filed in the county court of Grant county, Arkansas, a petition by certain citizens of Davis Township a petition to the county court asking that an election be held in said township and other townships in the county to vote on the proposition of restraining goats and swine from running at large in said township and county; that in pursuance of the prayer of said petition, along with the petition of citizens of four other townships, the county court made an order that an election should be held on November 7, 1944, in accordance with the prayer of said petitions; that under and in pursuance with said order the proposition or question was submitted to the qualified electors on the above date; that the vote in Davis Township was 30 for and 46 against. After said election and the certification by the Election Commissioners, the County Court made an order purporting to declare the result of said election in Davis, DeKalb, Fenter, River and Merry Green, in favor of said restraining order. Petitioners further show that the order of the County Court based on the petitions is void and of no effect for the following reasons: (a) The order was improperly made based on each township as a unit instead of three or more; (b) that the order shows on its face that it is void as not declaring the notice and declaring the results of the election was given by the Clerk; (c) that no notice was given by the clerk as required by law; that the defendant, W. S. Crutchfield, has attempted and will attempt to publish the results of said election if not restrained," etc. Their prayer was "that an order issue restraining the defendant from the publication of the result of said election, and that on final determination of this cause of action, said election and orders of the court be, and the same declared null and void," etc.

Appellee responded to appellants' petition denying that appellants were entitled to any relief, and upon hearing, the trial court found the issues against appellants and dismissed their petition.

This appeal followed.

For reversal, appellants say: "first, the order of the County Court was improperly made, being based on each township as a unit instead of three or more townships. Second, no notice was given by the Clerk as required by law as to result of the election."

### 1.

We think neither of these contentions can be sustained.

The electors of the five townships, *supra,* have proceeded under the provisions of §§ 335-337, inclusive, of Pope's Digest. Section 335 provides: "Whenever twenty-five per cent of the qualified electors of three or more townships in a body in any county in the State of Arkansas as shown by the election returns for Governor at the last election preceding the date of the petition, shall petition the county court for the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine, and sheep, or any two or more of the said animals, or the male species thereof from running at large, the county court shall make an order for such an election in said townships to be held at any general or special election of county or State officers. Provided, that said petition shall have at least twenty-five per cent of the qualified electors of each of the respective townships. Act March 19, 1915, p. 676, § 1, as amended by act March 27, 1919, p. 328."

We are confronted here with what appears to be an incomplete record in that only the first page of the petition, *supra,* for an election in five adjoining townships in Grant county is included in the transcript. However, it appears plain from the pleadings and the order of the County Court above that DeKalb, Fenter, River, Davis and Merry Green townships in a body were all embraced in the one petition. For the convenience of the electors signing in each township, and in order that the County Court might readily determine whether the required twenty-five per cent in each of the townships had signed

the petition for that township, it was not improper that there be a separate space, page or pages allotted to each township as appears to have been done in this case, the first page, as above noted, being allotted to Davis township.

The statute provides "whenever twenty-five per cent of the qualified electors of three or more townships in a body in any county . . . shall petition the county court for the privilege to vote, etc., the county court shall make an order for such election in said townships, etc. Provided, that said petition shall have at least twenty-five per cent of the qualified electors of each of the respective townships."

Here, as we view the record, five townships in a body in Grant county filed petition on September 14, 1944. The court found that the petition contained twenty-five per cent of the qualified electors in these townships and ordered an election and made one order on the petition calling an election. Appellants make no contention that the electors who signed the petition did not represent twenty-five per cent of the qualified electors in each of the five townships. We think it clear, therefore, that the County Court's order was based on the petition of "three or more townships," in a body, instead of upon the petition of each township as a unit as appellants contend.

The case of *Fesler* v. *Eubanks*, 143 Ark. 465, 220 S. W. 457, strongly relied upon by appellants, is not controlling here. In that case, six townships in Greene county, by six separate and independent petitions, sought an order for an election. "The respective petitions limited the territory to be organized into a stock district to each township." Each of the six petitions was presented to the court separately on different days and an order made upon each petition. As above noted, but one order was made in the instant case which ordered an election in the five townships comprising the district selected by the petition of the qualified electors aforesaid. In the Fesler-Eubanks case, it is said: "The county court's authority is limited to granting the privilege to vote in the district selected by petition, or petitions, of the voters afore-

said.'' The fact that it appears that the vote in one of the townships herein, Davis, was against the formation of the stock law district, does not defeat it for the reason that it was the intention of the statute to permit a majority of the electors voting in the proposed district to control the creation and formation of the district thereof. We so held in *Sailer* v. *State,* 192 Ark. 514, 92 S. W. 2d 382. There we said: ''It is obvious that it was the legislative intent to permit a majority of the electors voting in the proposed district—and not a subdivision thereof— to control the creation and organization of said proposed district.''

We, therefore, hold that there has been a compliance with the provisions of § 335, *supra.*

2.

Section 337 of Pope's Digest provides: ''If a majority of the legal voters voting for and against the provisions of this act shall vote at such election, whether general or special, for enforcing the law restraining the animals named in the petition from running at large, the clerk of the county court shall enter upon the court records the result of said election, and file the papers and returns thereof in his office, and shall immediately give notice of the results of said election by publishing the same in a weekly newspapers published in said county, and by causing notice thereof to be posted up in at least three public places in each township in said county,'' etc.

Here appellants alleged that appellee (clerk) ''has attempted and will attempt to publish the results of such election if not restrained, etc.'' The statute, *supra,* required the clerk, since the vote was in favor of the stock law district, immediately to publish the result in a weekly newspaper in Grant county and by causing the notice thereof to be posted in ''at least three public places in each township in said county.'' Appellants admit that appellee has attempted to publish the result of the vote. Just how or when this attempt was made, the record does not disclose. The burden was on appellants to show that the publication required by this section was not made and

this they failed to do. Appellee was not required to use both of the prescribed methods of publication, either was sufficient. We so held in *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92, wherein we said in construing § 337, *supra*: "We are of the opinion, . . ., that the statute with respect to the notice is merely directory and that substantial compliance with its terms is sufficient. While the direction is to publish the notice in two methods, the publication thereof by one of the methods prescribed is sufficient."

The decree of the trial court reflects, as above noted, that all issues were found in favor of appellee and appellants' petition for injunctive relief dismissed.

Finding no error, the decree is affirmed.