CARROLL COUNTY BANK *v.* STATE USE CARROLL COUNTY.

Opinion delivered May 23, 1910.

1. COUNTY COURT—JURISDICTION.—Const. 1874, art. 7, § 28, providing that "the county courts shall have exclusive original jurisdiction in all matters relating to county taxes," does not confer jurisdiction upon that court to compel a depositary of county funds to refund same with interest. (Page 198.)

2. CIRCUIT COURT—JURISDICTION.—Two causes of action upon two separate bonds, each for sums less than $100, but aggregating more than that amount, cannot be united to give the circuit court jurisdiction. (Page 198.)

Appeal from Carroll Circuit Court; *J. S. Maples,* Judge; reversed.

*Crump, Mitchell & Trimble,* for appellant.

The allegations of a contract and breach thereof were admitted by the demurrer. 2 Ark. 260; 11 Pet. 257; 6 Enc. Pldg. & Pr. 336. And facts thus admitted must be taken as true against the pleader as well as in his favor. 78 Ind. 245. The amount being less than $100, the justice of the peace had no jurisdiction. Art 7, § 40, Const.; 90 Ark. 198. The amount of each contract determines the question of jurisdiction. 85 Ark. 313; 3 Ark. 494. In determining the question of jurisdiction, interest must be excluded. 83 Ark. 313; Const., art, 7. § 40.

*F. O. Butt,* for appellee.

Although the total account consists of different transactions, they were between the same parties, and constituted but one cause of action. 24 Ark. 177; 74 Ark. 618. The circuit court alone had jurisdiction. The jurisdiction is not dependent upon the amount involved. The county court had no jurisdiction of the matter. 90 Ark. 706.

BATTLE, J. An act entitled "An act to provide a depository for the county funds of Carroll, Benton and White counties," which became a law on 28th of March, 1905, among other things, provides: That it shall be the duty of the county judges of Carroll, Benton and White counties, at the April, 1905, term of the county courts of such counties, and every two years thereafter, to receive propositions from any bank, banker, or trust company, in said counties, that may desire to be the depository of the public funds of such counties, and that notice of the intention to receive such propositions or bids shall be published by the clerks of such counties in the manner prescribed by the act. That any such bank, banker, or trust company desiring to become such depository shall, on or before the first day of said term of court, file with the clerk a sealed bid, stating the rate of interest offered to be paid by such bidder, for the two years next ensuing, upon the county funds that may be deposited in pursuance to such bids. That at noon on the first day of April, 1905, and every two years thereafter, the court shall publicly open each of said bids so pre-

sented, and shall select from such bids, as the depository of the public funds of the county, including school funds, the bidder offering the highest rate of interest per annum on said funds. That it shall be the duty of the successful bidder, within twenty days after his selection, to execute and file with the clerk a bond for an amount not less than the total revenue of the county for the years for which the bond shall be given, with security as required by the act, conditioned for the due and proper performance of all the duties and obligations devolving by law upon the depository, and for the prompt payment upon presentation of all checks drawn upon him by the county treasurer of such county, so long as such funds shall be in the depository to the credit of said counties. That upon the approval of the bond the county court shall make an order designating the successful bidder as the depository of all the funds of the county for a period ending thirty days after the time fixed for another selection of a county depository, and that it shall be the duty of the county treasurer immediately to transfer to the depository all funds belonging to the county; and thereafter immediately upon receipt of county funds to deposit same therewith to the credit of the county. That it shall be the duty of the depository to provide for the prompt payment at the county sites of Carroll, Benton and White of all checks drawn by the county treasurer upon such funds of the county in said depository, and to file with the county treasurer a statement designating the places at such county sites where such payments shall be made. That interest shall be computed upon the daily balances to the credit of said county with said depository, and the same shall be payable to the county treasurer monthly, and shall be immediately placed by said treasurer to the credit of the common school funds of his said county.

On the 15th day of May, 1909, the State of Arkansas, for the use of Carroll County, brought an action against the Carroll County Bank, in the Carroll Circuit Court, in the Eastern District, to recover $169.80 due the county. Plaintiff alleged in its complaint that Carroll County, in pursuance of the terms of the act of March 28, 1905, let the contract for using and keeping its funds to the defendant on the .. day of ...., 190.., for a period of two years, the defendant agreeing to pay to the county interest on the money of the county, monthly, at

the rate of four and a half per cent. per annum; said interest to be paid on the balances remaining in the hands or possession of the defendant each day during the period of the contract. That, in pursuance of the terms of the contract, the county, by its county treasurer, did, on the 23d day of September, 1905, deposit the funds of the county with the defendant, and did thereafter, from day to day, deposit with the defendant all public moneys of the county coming into the hands of the county treasurer during the period of contract up to and including the .. day of. ...., 1907; that interest accrued on the funds during the two years of the contract to the amount of $903.51, of which the defendant paid $840.25, leaving due $63.26. That the defendant failed to pay the interest promptly according to the contract, and the sum of six dollars and fourteen cents had accrued on such interest, and was due the county.     For these two amounts plaintiff asked for judgment for $69.40 in the first paragraph of its complaint.

In a second paragraph of its complaint plaintiff alleged that the county of Carroll, in pursuance of the terms of the act created the defendant, on the .. day of ...., 1909, the depository of its funds for the period of two years ending on the .. day of ...., 1909; the bank agreeing to pay interest upon such funds, monthly, at the rate of four and a half per cent. per annum, the same to be paid on the daily balance in the depository during the continuance of the contract.     That, in pursuance of the terms of the contract, the treasurer of Carroll County, on the .. day of....., 1907, and on divers and sundry days during the term of the contract and up to and including the 21st day of March, 1909, deposited divers amounts of money with the defendant; that interest accrued on the funds deposited under the latter contract during the time it continued, to the amount of $1,917.11, of which the defendant paid $1,836, leaving a balance due of $81.11; that the interest on the latter contract was not paid monthly as stipulated, but from three to five months apart, by reason of which the county was deprived of interest on such interest in the sum of $18.14.     For the last two amounts, $81.11 and $18.14, the plaintiff asked for judgment in the last paragraph of his complaint.

The defendant demurred to each paragraph of the complaint (1) because they do not state facts sufficient to constitute

a cause of action, and (2) because the county court of Carroll County had exclusive jurisdiction.

The court overruled the demurrer, and, the defendant refusing to plead further, rendered judgment in favor of the plaintiff; and the defendant appealed.

The Constitution of the State provides: "The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county paupers, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties." Art. 7, § 28, Const. 1874. The subject-matter of this action is not embraced in the jurisdiction of county courts as thus defined by the Constitution. The sum sued for is not taxes; nor is the action brought to enforce a settlement by a revenue officer of the taxes in his hands, as in *Christian* v. *Ashley County,* 24 Ark. 142, and *Pettigrew* v. *Washington County,* 43 Ark. 33. If the sum sued for had ever been county taxes, it ceased to be such when it was paid into the county treasury, as a debt would cease to be a debt when it is paid. It is a sum due for money loaned, accrued interest, is a demand in favor of the county, and is not due for taxes. *Price* v. *Madison County,* 90 Ark. 195.

This action is based upon two separate bonds, for $69.40 on one and for $99.25 on the other. The first was for the use and care of the county funds of Carroll County for the year 1906, and parts of the years 1905 and 1907, and the latter for the use and care of such funds for a term commencing when the first ended and extending two years. Both were given under the act of March 28, 1905, by the defendant to discharge the duties of a depository. The amounts due on each were for separate and distinct considerations, and were under the sum of one hundred dollars, and come within the exclusive jurisdiction of a justice of the peace, and cannot be united to give the circuit court jurisdiction. *Winer* v. *Bank of Blytheville,* 89 Ark. 435, 440, and cases cited. See also *Walker* v. *Byrd,* 15 Ark. 33; *Hunton* v. *Luce,* 60 Ark. 146; Constitution, art. 7, § 40.

The circuit court did not have jurisdiction.

Judgment reversed and action dismissed.