## FESLER *v.* EUBANKS.

Opinion delivered April 19, 1920.

1. ANIMALS—STOCK LAW ORDERS.—Under Acts 1915, No. 156, §§ 1, 10, stock law orders by the county court, based on petitions making each township the unit, instead of making three or more adjoining townships the unit, were void and subject to collateral attack.

2. ANIMALS—STOCK LAW ORDERS.—A petition selecting and grouping three or more adjoining townships in a stock district is jurisdictional, and stock law orders under Acts 1915, No. 156, §§ 1, 10, not based on such petition, is void and subject to collateral attack.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Luna & Bratton,* for appellant.

1. This is a collateral attack on a judgment of a superior court of record which on its face shows all ju-

risdictional facts and can not be set aside on collateral attack.    15 Cyc. 320, 387; 23 *Id.* 1061; 51 Ark. 340; 11 *Id.* 552.

2. The pleadings and evidence resolves this action into an election contest of which the circuit court was wholly without jurisdiction to try and its findings and judgment were void.    15 Cyc. 403; 61 Ark. 251-252-3.

3. The finding and judgment of the circuit court are without evidence to support it and without warrant of law.    1 Greenleaf on Ev., §§ 49, etc., pp. 61, 62; Act No. 156, Acts 1915; 65 S. W. 63; 3 C. J. 174; 23 Cyc. 1061; 51 Ark. 340; 11 *Id.* 552; 44 So. Rep. 110; 35 S. W. 63; 15 Cyc. 387; 61 Ark. 252; 46 So. Rep. 483.

The publication of the notice in a weekly newspaper in the county was sufficient compliance with law.    131 Ark. 291.

*Jason L. Light* and *Huddleston, Fuhr & Futrell,* for appellees.

1. The proceedings to invoke the stock law were void.    The petition failed to state the jurisdictional facts, which was fatal.    3 C. J. 174, § 585; *Ib.,* pp. 177-8, §§601-2; 59 Ark. 344; 103 *Id.* 269; 59 *Id.* 344; 32 *Id.* 553; 218 S. W. 789.

2. The petition is the foundation of this proceeding and mandatory to and a condition precedent to the exercise of the power of the county court to order an election on the stock law.    59 Ark. 344; 27 S. W. 234; 103 Ark. 269; 116 *Id.* 168; 126 *Id.* 125.

3. There was no election to contest, as the election was void.    3 C. J. 176-7, § 599.

HUMPHREYS, J. Appellees instituted suit in replevin against appellant in the Greene Circuit Court to recover the possession of six head of cattle, alleging that they were the owners and entitled to possession of them.

Appellant filed answer, denying their right to the possession of them, and alleging and justifying his possession of them under the provisions of Act No. 156 of the Acts of Arkansas of 1915

The cause was submitted to the court, sitting as a jury, upon the pleadings and evidence, which resulted in a finding and judgment in favor of appellees for the possession of said cattle. From that judgment, an appeal has been duly prosecuted to this court.

The facts necessary to a determination of the vital issue involved in this appeal are as follows: Twenty-five per cent. of the qualified voters, voting at the last election for Governor of the State of Arkansas, in each of the following townships: Clark, Union, Spring Grove, Hurricane, St. Francis and Friendship, in Greene County, Arkansas, petitioned, by six separate and independent petitions, the county court of said county, asking the court to make an order for an election for the purpose of voting on the adoption of a stock law in each of said townships. The respective petitions limited the territory to be organized into a stock district to each township. An order was made upon each petition, granting the petition and ordering the sentences for and against the restraining of horses, cattle, sheep, goats, swine and mules, from running at large, to be placed on the official ballot to be used in the general election to be held in the respective townships on November 5, 1918. After making the six separate and independent orders, the county court, without additional petitions, grouped the townships of Hurricane, Friendship and Union in one body, and Clark, Spring Grove and St. Francis in another, and made an order embracing the territory in each group in a stock district and granting the privilege to vote on the question of restraining horses, sheep, goats, cattle, swine and mules from running at large in each group of townships, and ordering the election commissioners to write, or print, on the ballots to be voted on the 5th day of November, 1918, the sentences: "For restraining horses, sheep, goats, cattle, swine and mules," and "Against the restraining of horses, sheep, goats, cattle, swine and mules," in each group of townships. Pursuant to the two orders, the question for and against restraining said cattle from running at large in each district consisting of

three townships was submitted to a vote. The result disclosed that a majority in each district voted in favor of restraining the stock from running at large. The result was declared and published on the 6th day of December, 1918, and entered of record on March 4, 1919, by the clerk of the county court. The cattle in question belonged to appellees and were found running at large in Union township, after the provisions of Act No. 156 of the Acts of Arkansas of 1915, had been declared to be in force and effect in said district of Union, Hurricane and Friendship, and, while running at large, were impounded and held by appellant, under the provisions of said act. Appellees refused to comply with the provisions of said act in order to obtain possession of their cattle, and instituted this suit for them, thus attacking collaterally the validity of the order of the county court.

It is contended by appellant that the order of the county court, ordering the election to restrain cattle aforesaid from running at large in Union, Hurricane and Friendship townships shows on its face each and every necessary jurisdictional fact necessary to the validity thereof and is impervious to collateral attack. Appellees, on the contrary, contend that the order is void because the initial petitions limited the territory to be placed into stock districts to single, instead of three or more, townships.

By reference to sections 1 and 10 of Act 156, Acts 1915, of the General Assembly, providing for optional stock laws in certain territory in the counties of the State by majority vote of the electors in said territory, it will be seen that the act makes three adjoining townships the minimum unit in which such districts may be established. By these sections of the act, the privilege is extended to 25 per cent. of the legal voters at the last preceding election for Governor, in each of said three townships, or more, to select the particular townships to be included in the district, and does not authorize the county court to select the territory for the district. The county court's authority is limited to granting

the privilege to vote in the district selected by petition, or petitions, of the voters aforesaid. The six separate orders made by the county court in the instant case were void because the petitions made each township the unit, instead of making three or more adjoining townships the unit. The two additional orders made by the county court, grouping Union, Hurricane and Friendship townships in one district, and Clark, Spring Grove and St. Francis townships in another district were unsupported by petitions grouping or designating them as districts, and therefore void. The filing of the separate and independent petitions, petitioning for the privilege of voting on the question of restraining animals from running at large in each township, was not a substantial compliance with the requirements of said act. The selection and grouping of three or more townships in the several petitions circulated and signed was a jurisdictional prerequisite to the validity of the order. The order was therefore void and subject to collateral attack. *Watkins* v. *Griffith,* 59 Ark. 344; *Kraft* v. *Smothers,* 103 Ark. 269; *Bell* v. *Phillips,* 116 Ark. 167.

No error appearing, the judgment is affirmed.