THOMPSON *v.* TRICE.

Opinion delivered July 12, 1920.

1. HIGHWAYS—ROAD IMPROVEMENT DISTRICT—BOUNDARIES.—Act 240 of special session of General Assembly in 1920, creating the Dermott-Collins Road Improvement District, *held* to define sufficiently the boundaries of the district.

2. CONSTITUTIOAL LAW—DELEGATION OF LEGISLATIVE POWER.—While the Legislature can not delegate its powers to enact laws, it may make the enforcement or execution of a law dependant upon a condition or contingency, as by providing that an act creating a highway district should not become operative upon adoption by a majority of the qualified voters in the district.

3. HIGHWAYS—SPECIAL ELECTION—NOTICE.—An act creating a highway district and providing that it should not become operative until adoption by the voters of the district is not void because there was no provision for notice, for the Legislature could create the district without submitting the matter.

4. CONSTITUTIONAL LAW—DELEGATION OF JUDICIAL POWER.—Act No. 240 of special session of 1920, creating a highway district and authorizing the chancery judge to call a special election, designate the polling precincts, appoint the judges and clerks, receive the returns, and to decide any contest growing out of the election, is not invalid as delegating judicial duties to an individual; the duties imposed being ministerial.

Appeal from Chicot Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*Coleman, Robinson & House* and *John Baxter,* for appellants.

1. There is no uncertainty in the description of the boundaries of the district. 214 S. W. 23.

2. There is no delegation of legislative powers in the act. 120 Ark. 277; 72 *Id.* 195. See, also, 83 *Id.* 591; 210 *Id.* 281; 6 R. C. L., § 167; 133 Ark. 380.

3. The act does not delegate judicial powers to an individual. The whole attack on the act is merely technical and the demurrer should have been sustained.

*Phil McNemer,* for appellees.

1. The act does not sufficiently designate the boundaries of the district.

2. Sections 36 and 37 of the act attempt to delegate legislative powers and provides for no notice to be given. 133 Ark. 380. The act is unconstiutional and void, and the chancellor was correct in so holding.

HUMPHREYS, J. Appellee, an owner of real estate in the Dermott-Collins Road Improvement District in Chicot and Drew counties, instituted suit against ap-

pellants in the Chicot Chancery Court to enjoin the commissioners of said district, who are the appellants herein, from proceeding under the act creating the district, alleging as ground the invalidity of the district.

The validity of the district is assailed on the grounds, first, that the act does not sufficiently define the boundaries so as to indicate with any degree of certainty the lands included therein; second, that no provision was made in the act creating the district for assessing lands lying in Desha County, within five miles east and west of a certain line set forth in .section 1 of said act; third, that the act creating the district attempts a delegation of legislative power; and, fourth, that said act delegates judicial powers to an individual. Appellee filed a demurrer to the complaint, which was overruled, and, upon refusal to plead further, a decree was rendered enjoining appellants from proceeding under the act creating the district. From that decree, an appeal has been duly prosecuted to this court.

(1) The district was created by special act No. 240 of the special session of the General Assembly, called on the 26th day of January, 1920. The boundaries of the district are designated in section 1 of said act, which, in so far as it relates to the boundaries, is as follows:

"That all real property and lands, including city and town lots, railroad rights-of-way, tramroads, telephone and telegraph lines lying in Chicot and Drew counties, Arkansas, west of a straight line running north and south along the eastern border of section 20, township 13 south, range 3 west, and lying east of a straight line running north and south along the west corporation line of the town of Collins, and situated within five miles of any part of the road hereinafter described to be improved, are especially benefited by the improvement and are formed into an improvement district for the purpose of improving said road. The smallest subdivision of real property and lands as described by the United States government survey, .part of which are situated within the limits above described and within five miles of said

road shall be included in the district.'' A description is sufficient which embraces the lands to be benefited by boundaries certain of ascertainment. It will be observed from reading the description in said section that all the lands in Chicot and Drew counties west of a definite line and east of a definite line set out within five miles of the road to be improved are embraced within the district. Appellee has not pointed out any defect in the description of the boundaries which renders them uncertain or indefinite, but has contented himself with a general statement that they are fatally defective. Being unable to discover such a defect, we regard the description sufficient and including all lands intended.

(2) The suggestion that the act is unconstitutional because the district includes lands in Desha County, for the assessment of which no provision was made in the act, is not sound. The description only includes lands in Chicot and Drew counties, so it was unnecessary to provide for the assessment of benefits in Desha County.

(3) The contention that the act creating the district is void, because of an attempt to delegate legislative authority, grows out of the provisions in sections 36 and 37 of said act that it shall not take effect until adopted by a majority of the qualified voters in the district, at a special election to be called by the chancery judge of the Second Chancery District. The Legislature can not delegate to another its power to enact laws, but may make the enforcement or execution of the law dependent upon a condition or contingency. The law was made by the Legislature to become operative upon condition of its adoption by a majority of the qualified voters in the district. The exact point involved in the instant case was determined adversely to the contention of appellee in the cases of *Little Rock* v. *North Little Rock,* 72 Ark. 195; and *Nall* v. *Kelley,* 120 Ark. 277. The fact that the act did not provide for a notice of the special election can not invalidate the district, for the reason that it was within the power of the Legislature to create the district without submitting the adoption thereof to the qualified voters

in the district. Having power to create the district without submission, it follows that any plan for submission, with or without notice, must be valid.

(4) The contention that the act is void, because of an attempt to delegate judicial powers to an individual, grows out of the phraseology in section 36 of said act, which authorizes the chancery judge to call the special election, designate the polling precincts, appoint the judges and clerks thereof and to receive a certification of the returns, and to decide any contest growing out of the election. The duties imposed upon the chancery judge by said section are ministerial and not judicial. The only duty imposed upon the chancery judge which has the semblance of a judicial function is the duty to settle any contest growing out of the election. The election provided for in the act has no relation to political elections determinable under the Constitution by the courts. The election provided for is in the nature of a petition. The duty imposed, to decide any contest growing out of the election, is therefore ministerial and properly lodged with an individual and not a court.

For the errors appearing, the decree is reversed with direction to sustain the demurrer to the complaint.