STATE v. PHILLIPS.

Opinion delivered April 23, 1928.

1. ANIMALS—PETITION FOR STOCK-LAW ELECTION.—A petition without a requisite number of signers, adding a township to those named in prior petitions, each of which was in like form, referred to others, and represented that they were in effect one petition, could not be joined with them and made the basis of an order calling the stock-law election under Crawford & Moses' Dig., §§ 321-332, as amended by Acts 1921, p. 427; there being a variance between the description of the territory described in the original petitions and that described in the order calling the election.

2. ANIMALS—PETITION FOR STOCK-LAW ELECTION.—A petition containing the requisite number of signers for a stock-law election is a jurisdictional prerequisite to the exercise of the county court's jurisdiction to call the election, which it cannot do on its own motion.

3. ANIMALS—VALIDITY OF ORDER CALLING STOCK-LAW ELECTION.—The invalidity of a county court's order calling a stock-law election in six townships, one of which was added by a petition not signed by the requisite number of qualified electors, was not cured by a chancery court decree restraining the holding of the election in such townships, the chancery court having jurisdiction to restrain the election, but not to cancel or amend the county court's order.

4. ANIMALS—INVALIDITY OF ORDER CALLING STOCK-LAW ELECTION.— An order of the county court calling a stock-law election under Crawford & Moses Dig., §§ 321-332, as amended by Acts 1921, p. 427, not being signed by the requisite number of qualified electors, was not validated by Acts 1927; p. 227, validating special elections for creation of "no-fence" laws on different days than that named in the act, or for other causes.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy,* Judge; affirmed.

STATEMENT OF FACTS.

Eli Phillips was convicted before a justice of the peace and fined $5 for allowing his stock to run at large, in violation of the local option stock law. Upon appeal he was tried before the circuit court sitting as a jury, upon an agreed statement of facts, which is substantially as follows: The requisite number of qualified electors of the townships of Jonesboro, Herndon, Powell, Brooklyn and Nettleton filed a petition in the county court praying for an order giving them the right to vote on the question of restraining horses, cattle, etc., from running at large in said townships. Several petitions were circulated at the same time, and each petition contained a clause reciting that the qualified electors signed the petition knowing that other petitions of the same effect were being circulated, and they authorized the petition signed to be consolidated with the other petitions of like form and character so as to constitute and be presented to the county court as one petition. Subsequently an additional petition was circulated adding the township of Greenfield to those above named. The requisite number of qualified electors did not sign this petition. It was, however, considered by the county court as being a part of the other petitions above referred to and described, and all of the petitions were considered as one. It was thereupon ordered by the county court that an election be held on the 5th day of January, 1926, at the usual voting places in said townships, for the purpose of determining whether the prayer of the petition should be granted. Notice of the election was given as required by statute. Upon the petition of certain residents of Greenfield Township, the chancery court of Craighead County made an order restraining the holding of said election in Greenfield Township. On the 5th day of January, 1926, the special election was held in each of said townships except Greenfield. On January 8, 1926, the election commissioners of Craighead County filed a report in the county court showing the result

of said election in all of said townships except Green-field, and the result of said election shows that the stock law carried in Powell, Brooklyn, Nettleton, Herndon and Jonesboro townships.

The judgment of the circuit court recites the finding of facts by the court substantially as above stated. Thereupon the circuit court declared the law to be that the county court had no authority to render the order calling an election for January 5, 1926, for the purpose of voting on the question of restraining animals in the townships of Jonesboro, Herndon, Nettleton, Brooklyn, Powell and Greenfield. The court was of the opinion that the order was void because it fixed the boundaries of the proposed district different from that in the only petition submitted from which the court could have acted. It was therefore ordered and adjudged that Eli Phillips was not guilty of violating any law of the State of Arkansas by permitting his stock to run at large within the boundaries of the above-named townships, and he was discharged from custody. The State has brought the case here on appeal.

*Ivie C. Spencer,* for appellant.

*Penix & Barrett,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was correct.

The stock district in question was attempted to be formed under the provisions of §§ 321-332 inclusive of Crawford & Moses' Digest, as amended by act 427 of the General Acts of 1921. See General Acts of 1921, p. 427. Under § 321 of Crawford & Moses' Digest, as amended by act 427 of the Acts of 1921, whenever twenty-five per cent. of the qualified electors of three or more townships in a body, as shown by the election returns for Governor at the last election preceding the date of the petition, shall petition the county court to vote on the question of restraining certain designated animals from running at large, the county court shall make an order for such election in said townships at any general elec-

tion for State, county and township officers, or at a special election called for the purpose. Several different petitions were circulated at the same time, signed by the requisite number of qualified electors, asking that a special election be called in the townships of Jonesboro, Nettleton, Herndon, Powell and Brooklyn. Each of these petitions was of like form, and referred to the others, and represented that they were in effect one petition. This is true because each of the petitions was for the identical purpose. They asked for a local option stock-law election to be held in five different townships, which were named in each petition. The different petitions therefore constituted a unit for the calling an election in the same townships. Another petition was filed, asking for the calling of a stock-law election in these five townships, and there was added the township of Greenfield. This petition, however, did not contain twenty-five per cent. of the qualified electors, as required by the statute. It could not become a part of the unit of the other petitions which called for the election in the same five townships and which did contain more than twenty-five per cent. of the qualified electors of said townships.

The order of the county court was based upon the petitions filed, and ordered the special election to be called in the six townships, including Greenfield Township. There was a variance between the description of the territory embraced in the petitions which contained the requisite number of qualified electors and the territory described in the order of the county court calling the special election to be held January 5, 1926. This was fatal to the validity of the order. The petitions calling for the election in the townships of Jonesboro, Brooklyn, Powell, Nettleton and Herndon constituted a unit because, although the signatures were to different petitions, they were all written in precisely the same language and had the same end in view. When the petition adding Greenfield Township was circulated, this

constituted a materially different petition, and it could not be joined with the others. Not having the requisite number of signers, it could not be made the basis of an order calling the election. The county court had no right to call the election except upon a petition as provided by the statute; and a compliance with the provisions of the statute in this respect was a prerequisite to the exercise of jurisdiction by the county court. It could not call a stock-law election on its own motion.

In *Fesler* v. *Eubanks,* 143 Ark. 465, 220 S. W. 457, it was held that a petition selecting and grouping three or more adjoining townships in a stock district is jurisdictional, and that an order of the county court calling for a stock-law election not based on such petition is void, and subject to collateral attack. The reason for such holding is clearly stated in *Coleman* v. *Hallum* (Comm. of Appeals of Texas), 232 S. W. 296, where it was said:

"The petition for an election is fundamental and jurisdictional. It is the basis of the court's action in ordering the election. The court is not at liberty to disregard the request to order the election prayed for, if the requisites of the statute have been complied with; nor is it at liberty to alter the request for an election by ordering an election different from the one called for by the petition. The construction contended for would ascribe to the commissioner's court the doing of an unauthorized act—the ordering of an election without a petition as a basis thereof—and also the ordering of an election that would be void because of the uncertainty as to what was to be submitted and voted upon therein."

It is claimed, however, that this defect in the order of the county court was cured by the decree of the chancery court restraining the holding of the election in Greenfield Township. We do not agree with this contention. The chancery court had jurisdiction to restrain the election because it was made upon a void order, but it had no jurisdiction to cancel or amend the order of

the county court. As we have already seen, the order of the county court must be based upon the petitions filed; and it was void because the order as made was not based upon the petition of the requisite number of qualified electors as provided by statute. No subsequent decree of the chancery court could give validity to the order of the county court.

Finally, it is contended that the order of the county court was made valid by the curative act passed by the Legislature of 1927, which was an act to validate special elections held for the creation of "no-fence" laws. Acts of 1927, p. 227. The act by its terms proposed to validate said elections which were irregular by reason of being held on a different day from the date named in the act, or for other causes. It does not in any sense attempt to validate an election which had no validity in the beginning, or which was held under a void order of the county court.

Therefore we hold that the judgment of the circuit court discharging Eli Phillips was properly rendered, and the appeal of the State will be dismissed.