WRIGHT v. BAXTER.

4-9130                                             227 S. W. 2d 967

Opinion delivered March 20, 1950.

W. M. Thompson, for appellant.

Chas. F. Cole and C. T. Bennett, for appellee.

DUNAWAY, J. Appellants are citizens of Independence County who own property in a Stock Law District created under the provisions of Act No. 368 of the Acts of 1947 (Ark. Stats. (1947), § 78-1404 *et seq.*). They have sought by petition for *certiorari* filed in the circuit court of Independence County to attack the validity of the order of the county court calling the election and the manner in which the election was held and the results thereof were certified.

Six allegations were made in the petition as to matters which it is claimed rendered the creation of the district illegal: (1) The order was made by the County Judge rather than by the county court as required by law; (2) The petitions to the county court requesting the calling of the election did not contain the names of the requisite number of electors of each township; (3) The County Judge was disqualified because he was a resident and land-owner in the proposed district; (4) The question was not placed upon the ballot in large enough type; (5) The County Clerk and Election Commissioners did not properly certify the results of the election and (6) The County Clerk failed to advertise the results of the election properly.

In September, 1948, appellees and others circulated petitions in eight townships asking that the question of creating a Stock Law District in these townships be placed upon the ballot at the general election to be held November 2, 1948. On September 30, 1948, the county court entered an order for this election. At the election a majority of those voting on the question favored the creation of such a district. Within sixty days, as provided by Ark. Stats. (1947) § 78-1412, petitions were presented to the county court by electors from five of the eight townships asking that these five townships be exempted from said district. The County Judge having disqualified, a special County Judge was appointed by the Governor. He denied the exemptions, finding that as to certain of the townships the required majority of electors had not signed the petitions and as to the other townships that they could not be exempted without injury to residents of adjoining townships. Six months

from the time of the election approving the creation of the district, it became unlawful to permit the specified animals to run at large. Ark. Stats. (1947) § 78-1404.

No appeal was taken from the order of the county court placing the question of a Stock Law District on the ballot, or from the order denying the exemption of certain townships. On April 19, 1949, the petition for *certiorari* was filed. The Circuit Judge granted a writ of *certiorari* on April 25, 1949, to bring up for review the records of the county court in the matter. On May 11, 1949, the Chancellor, acting as Circuit Judge on exchange with the regular Circuit Judge, heard the cause.

The trial court sustained a demurrer to the first four allegations of the petition and upon consideration of the record from the county court together with additional testimony, found against appellants as to the other two allegations. The court then quashed the writ of *certiorari,* hence this appeal.

The case at bar is controlled by our decision in *Patterson* v. *Adcock,* 157 Ark. 186, 248 S. W. 904. In that case certain residents of a township included in a stock law district created under an act similar to the one now under consideration, filed a petition for *certiorari* seeking to quash the order of the county court calling the election and the order restraining the running at large of stock after the election. Numerous irregularities were alleged, including the insufficiency of signers of the petition upon which the order for the election was based. In holding that a demurrer to the petition for *certiorari* should have been sustained we said at page 191:

"The county court, or the judge thereof, in making the order for the election and entering the order pursuant to the election acted ministerially, and not in a judicial or *quasi*-judicial capacity. *Thompson* v. *Trice,* 145 Ark. 143, 223 S. W. 667; *Capps* v. *Judsonia-Steprock Road Improvement District,* 154 Ark. 46, 242 S. W. 72.

"The order restraining the running at large of stock was a mere entry of the result of the election as certi-

fied by the election commissioners, and was likewise ministerial in its nature.

"*Certiorari* will not lie to correct a purely ministerial act, even though the performance of the act involves discretion. *Pine Bluff Water & Light Co.* v. *Pine Bluff,* 62 Ark. 196, 35 S. W. 227; *McConnell* v. *Ark. Brick & Mfg. Co.,* 70 Ark. 568, 69 S. W. 559; *State* v. *Railroad Commission,* 109 Ark. 100, 158 S. W. 1076; *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041.

"The statute contains no provision conferring upon the county court authority to hear a contest over the result of the election, but if that court possesses jurisdiction to hear such a contest—which we do not deem it necessary to decide at this time—a review of the judgment in such a contest must be by appeal and not by *certiorari,* unless the judgment is void on its face. *Pritchett* v. *Road Improvement District,* 142 Ark. 509, 219 S. W. 21."

Appellant argues that the order for the election in the instant case was void on its face in that it did not show that the required number of electors had signed the petitions for an election and thus seeks to distinguish the *Patterson* case. In *Fesler* v. *Eubanks,* 143 Ark. 465, 220 S. W. 457 and *State* v. *Phillips,* 176 Ark. 1141, 5 S. W. 2d 362, we did hold that the filing of petitions with the required number of signatures was jurisdictional and that an order for a stock law election which showed on its face that the petition did not meet the statutory requirements was void.

The order in the case at bar reads in part: "Now, on this the 30th day of September, 1948, is presented to the Independence County Court, the petitions purporting to be signed by more than twenty-five per cent of the qualified electors of Washington, Union, Cushman, Ruddell, Jefferson, Barren, Ashley and Gainsboro Townships. . . .

"And from a consideration of said petitions, and from other things, matters and proof before the Court, the Court doth find:

"That said petitions were circulated in each of said Townships simultaneously; that each of said petitions is identical in form and are in effect a single petition; that more than twenty-five per cent of the qualified electors in said Townships, as shown by the election returns from said Township for Governor at the last General Election preceding the filing of said petitions, have signed said petitions . . ."

We think this is a sufficient recitation of the jurisdictional facts sought to be challenged and that the order was not void on its face. The trial court correctly sustained the demurrer.

Affirmed.