GOGGIN v. RATCHFORD.

4-9181                                    229 S. W. 2d 130

Opinion delivered April 24, 1950.

N. J. Henley, Henley & Henley and J. F. Koone, for appellant.

W. F. Reeves, for appellee.

DUNAWAY, J.  The validity of a stock-law election in Big Creek Township in Searcy County is presented for our determination.  Suit was filed by appellee Ratchford and others, as citizens and owners of livestock in said township, against appellant Goggin and others, as Election Commissioners, and Lawrence Weaver, as County Clerk, to have quashed the certificates of the Election Commissioners and the County Clerk certifying the approval by the voters of Big Creek Township of the annexation of said township to an adjoining stock-law district previously formed.  The Chancellor held the election void and the defendants have appealed.

On July 19, 1948, a petition was filed in the office of the County Clerk of Searcy County signed by seventy-eight persons who represented themselves to be qualified electors of Big Creek Township.  The number of signers exceeded seventy-five per cent of the total votes cast for Governor at the General Election in said township in November, 1946.  The petition prayed that the County Court order an election on the question of restraining livestock in said township, the proposal to be voted on at the General Election in November, 1948.  Petitioners further

asked that Big Creek Township be annexed to the adjoining stock-law district already in existence, if approved by the voters.

From the record it appears that the petition was never presented to the County Court and no order was made by the County Court placing the question on the ballot. However, at the time of making up the ballot for the General Election, the Election Commissioners checked the petition, found that it bore the required number of signatures of qualified electors, and placed the proposal on the ballot. Notice of the General Election was given as required by law; the Sheriff's proclamation for the election included notice that the stock-law question would be on the ballot.

At the election 126 votes were cast on the stock-law issue, of which 86 were in favor of restraining livestock and 40 votes were opposed to the proposal. The County Clerk thereafter entered his certificate in the County Court record declaring the stocklaw proposal adopted.

In appellees' suit, filed February 19, 1949, it was alleged that the election was void because there was no order of the County Court authorizing submission of the question to the electors as required by law. Appellants' answer admitted that there was no order of the County Court calling the election, but set forth the facts already stated in this opinion. Appellees filed a demurrer to the answer, which was sustained by the Chancellor on two grounds: (1) Section 10 of Act 156 of 1915 (Ark. Stats., 1947, § 78-1411) under authority of which the election was held, was repealed by implication by Act 368 of 1947; as a result of which there is now no authority for holding an election for the annexation of a single township to a stock-law district. (2) Failure of the County Court to make an order calling the election was a jurisdictional defect which rendered the election void, even assuming § 10 of Act 156 of 1915 still in effect.

The court accordingly held the election void and ordered that the certificates of the results thereof be quashed.

A brief review of the relevant legislative acts dealing with stocklaw districts will facilitate an understanding of the questions we must decide.

Act 156 of 1915 authorized formation of stock-law districts upon petition to the County Court of twenty-five per cent of the qualified electors of three or more townships in a body. The procedure to be followed and form of ballot were prescribed in the first three sections of the Act. Sections 4, 5, 6 and 7 had to do with the taking up of estrays where stock-law districts had been created, and the assessment of damages done by such estrays, together with allowable costs to be taxed. Sections 8 and 9 related to the fencing of railroad rights-of-way and driving livestock along public highways. Section 10 provided that where three or more townships had been formed into a stock-law district as provided in the Act, any township or group of townships that would be "a contiguous whole to the unit thus formed, may be attached to and become a part of said unit, in the same way and manner as herein provided for in the first instance . . ."

A number of counties were specifically exempted from the provisions of the Act. Searcy County, however, was not one of these. This Act, as amended by Act 257 of 1919, appeared as § 335 et seq. of Pope's Digest. Since certain named counties are exempted from the Act, it is a local act under Amendment 14 to the Arkansas Constitution, adopted in 1926. For discussion of "Special and Local Acts in Arkansas" see 3 Ark. Law Review, p. 113.

By Act 368 of 1947, the General Assembly specifically repealed §§ 335, 336, 337, 338 and 346 of Pope's Digest. The provisions of Act 368 of 1947, which was a general law for the formation of stock-law districts in the entire state, appear in Ark. Stats. (1947) § 78-1401 et seq. Those sections of Pope's Digest (§§ 5, 6, 7, 8, 9, 10 of Act 156 of 1915) not specifically repealed by the 1947 Act are included in Ark. Stats. (1947) §§ 78-1405 through 78-1411.

The procedure for the initial formation of a stock-law district composed of three or more townships, is practically indentical under the 1947 act with that under the repealed sections of Act 156 of 1915. Unless § 10 of the latter act (Ark. Stats., 1947, § 78-1411) remains unrepealed, there is no provision in our statutes for the addition of a single township to an existing stock-law district.

While it is true that local or special acts may not under Amendment 14 be amended, *Benton* v. *Thompson,* 187 Ark. 208, 58 S. W. 2d 924, repeal of only part of a local or special act is permissible. *Gregory* v. *Cockrell,* 179 Ark. 719, 18 S. W. 2d 362; *Johnson* v. *Simpson,* 185 Ark. 1074, 51 S. W. 2d 233.

Repeal of statutes by implication is not favored, *Faver* v. *Golden, Judge,* 216 Ark. 792, 227 S. W. 2d 453. It is only where a later general act covers the whole subject matter included in a prior special act, so that it is evident that the Legislature intended to make the new act contain all the law on the subject, that the earlier act will be held to have been repealed by implication. *King* v. *McDowell,* 107 Ark. 381, 155 S. W. 501. Here the Legislature specifically enumerated the sections of Act 156 of 1915 which were repealed by Act 368 of 1947. The other sections of the 1915 Act are carried forward by the digesters in Ark. Stats. as still being in effect. Since § 10 of Act 156 of 1915 is the only provision in the law authorizing the annexation of single townships to stock-law districts; and since this subject matter was not covered by the 1947 Act, we have concluded that the Legislature did not intend its repeal.

It is argued that repeal of the first three sections of the 1915 Act, which prescribed the procedure to be followed in creating stock-law districts, left § 10 of that Act without any mechanics for achieving the annexation of a single township. As already pointed out, the procedure under Act 156 of 1915 and that provided for in Act 368 of 1947 is without substantial difference. The Legislature has simply substituted the procedure provided for in the later general act as that to be followed in filing

petitions for the annexation of a single township under § 10 of the earlier act. Since this section is part of a special or local act, such annexations can only be effected in counties covered by Act 156 of 1915; and annexations of single townships can only be made to districts already in existence when Act 368 of 1947 was passed. See *Wright* v. *Raymer,* 165 Ark. 146, 263 S. W. 385.

We also hold that failure of the County Court to enter an order calling the election did not invalidate the election which was in fact held. In upholding a stock-law election where the notice thereof was not given in accordance with the statutory requirements, we said in *Whitaker* v. *Mitchell,* 179 Ark. 993, 18 S. W. 2d 1026, at p. 997:

"In the case of *Wallace* v. *Kansas City Sou. Ry. Co.,* 169 Ark. 905, 279 S. W. 1, we quoted from the case of *Hogins* v. *Bullock,* 92 Ark. 67, 121 S. W. 1064, 19 Ann. Cas. 822, the following quotation from the Supreme Court of Indiana:

" 'All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose, but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void. *Jones* v. *State,* 153 Ind. 440, 55 N. E. 229.'

"So here the statutory provisions were mandatory in the sense that compliance with them could have been coerced before the election, but, as the notice which was given, while not complying with the statute, appears to have been sufficient to apprise the great body of the electors of the fact that the election would be held, and they have participated therein, we are constrained to affirm the action of the chancellor in upholding the election."

In the case at bar, it is admitted by appellees' demurrer that petitions signed by the required number of elec-

tors were filed with the county clerk; that the county judge knew of the petition but arbitrarily or through negligence failed to act upon it; that notice of the election was given; that a greater total of votes was cast on the stock-law question than was cast for most candidates on the ballot; that the proposed annexation was approved by a vote of more than two to one.

It is urged that an order by the County Court is jurisdictional under our decisions in *Fesler* v. *Eubanks,* 143 Ark. 465, 220 S. W. 457 and *State* v. *Phillips,* 176 Ark. 1141, 5 S. W. 2d 362. See, also, *Wright* v. *Baxter,* 216 Ark. 880, 227 S. W. 2d 967. In those cases it was held that where an order of the County Court calling a stock-law election showed on its face that the required number of electors had not signed the petition, there was such a jurisdictional defect as would void the election. It was the filing of a petition bearing the requisite number of signatures that we held to be jurisdictional. In the case at bar it is admitted that this was done. After the jurisdictional requirement of filing the proper petitions is met, the ordering of the election by the County Court is merely a ministerial act. *Patterson* v. *Adcock,* 157 Ark. 186, 248 S. W. 904.

The reasoning in the *Whitaker* case, *supra* is decisive in the instant case.

The decree is reversed and the cause dismissed.