IN THE MATTER OF THE PETITION OF NED FELDMAN, PETER T. TAUSSIG, EDWARD F. JOHNSON AND LEONARD RUBIN TO BE CANDIDATES IN THE GENERAL ELECTION FOR THE OFFICES OF MAYOR, COUNCILMAN-AT-LARGE, COUNCILMAN-FIRST WARD AND COUNCILMAN-SECOND WARD, RESPECTIVELY, IN THE CITY OF ENGLEWOOD.

Superior Court of New Jersey
Appellate Division

Argued August 30, 1971—Decided September 3, 1971.

Before Judges GOLDMANN, COLLESTER and MINTZ.

*Mr. Sidney Slauson* argued the cause for intervenors (*Messrs. Slauson, Marks and Malech,* attorneys).

*Mr. Gerald C. Escala* argued the cause for respondents (*Messrs. Hauser and Escala,* attorneys; *Messrs. Gerald C. Escala and Bernard Chazen,* on the brief).

PER CURIAM. The single question on this appeal is whether the trial judge erred in permitting an amendment to the nominating petitions of independent candidates for mayor and councilmen, respectively, of Englewood, by the addition of attestors' names.

Plaintiffs Feldman, Taussig, Johnson and Rubin filed the nominating petitions in question with the Bergen County

Clerk, who refused to accept them for lack of proper certification under *N. J. S. A.* 19:13–7. Plaintiffs thereupon filed their verified complaint in the Law Division, upon which an order to show cause issued. John Stavola and Bernard Hochhauser filed objections to plaintiffs' petitions with the county clerk. Their objections, as well as the order to show cause and a motion for summary judgment that had been made by the county clerk, were argued on May 20, 1971. The trial judge held that the county clerk's action in refusing to accept the nominating petitions was proper, but ruled that plaintiffs could amend their petitions to cure the defects by having five of the voters who had signed them execute the certification — instead of the one, two or three who were affiants to the original petitions. Plaintiffs immediately filed new petitions signed by the same voters as had signed the originals, but which were certified by five of the signatories, thus meeting the requirement of *N. J. S. A.* 19:13–7.

The thrust of the intervenors' argument is that the trial judge trespassed upon *N. J. S. A.* 19:13–13 becuase, as they would have it, he permitted the addition of *signatures* — an amendment expressly prohibited by the cited statute. *N. J. S. A.* 19:13–13 reads as follows:

A candidate whose petition of nomination, or any affidavit or affidavits thereto, is defective, may cause such petition or the affidavit or affidavits thereto, to be amended in matters of substance or of form as may be necessary, but not to add signatures, or such amendment or amendments may be made by filing a new or substitute petition, or affidavit or affidavits, and the same when so amended shall be of the same effect as if originally filed in such amended form; but every amendment shall be made at least thirty-four days before the primary election for the general election. This provision shall be liberally construed to protect the interest of candidates.

To accept the intervenors' contention is to disregard the statutory provisions relating to direct nominations by petition, *N. J. S. A.* 19:13–3 *et seq.,* particularly 19:13–5, 19:13–7 and 19:13–13. *N. J. S. A.* 19:13–5 deals with the number

of signatures to a petition, *i. e.* those who sign the body of the petition as nominators of the independent candidate. *N. J. S. A.* 19:13–7, relating to the certification of a petition, provides that the affiants state they saw "all the signatures made thereto." And *N. J. S. A.* 19:13–13, dealing with the amendment of a defective petition, expressly states that its provisions shall be liberally construed to protect the interest of candidates. Liberality of construction is the touchstone of the statutory scheme of our Election Law, *Revised Statutes, Title* 19, as well as in the decisions construing that law, *e. g., In re Chirico,* 87 *N. J. Super.* 587, 592 (App. Div. 1965), *cert.* den. 45 *N. J.* 32 (1965).

In our view, the statutory prohibition of added signatures in *N. J. S. A.* 19:13–13 does not refer to those who execute the certification, but to those who append their names to the main part of the nominating petitions.

Affirmed.