236 N.J. Super. 280 (1989)
565 A.2d 725
MICHAEL MADDEN, JOSEPH LA BARBIERA, AND JOHN QUAREGNA, AND REGULAR DEMOCRATIC ORGANIZATION OF RIDGEFIELD, A NON-PROFIT NEW JERSEY CORPORATION, PLAINTIFFS,
v.
SANDY HEGADORN, MUNICIPAL CLERK OF THE BOROUGH OF RIDGEFIELD, DEFENDANTS, AND ANTHONY F. SERVIS, GERALD PLANCHER AND MARY CELEDONIO, INTERVENORS/DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided May 3, 1989.
*281 Michael J. Monaghan for plaintiffs (Stephen F. Pellino on the brief).
Michael L. Scherby for defendant Hegadorn (Contant, Contant, Schuber, Scherby & Atkins, attorneys).
Dennis J. Oury for intervenors-defendants Servis, Plancher and Celedonio (Oury & Mizdol, attorneys).
*282 TROAST, J.L.D.
This case arises out of a dispute concerning a primary election in Ridgefield, New Jersey.[1] Plaintiff, Michael Madden, seeks the Democratic nomination to fill a one-year unexpired municipal council term. Plaintiffs, Joseph La Barbiera and John Quaregna, seek three-year municipal council terms. Plaintiffs Quaregna and La Barbiera have been certified as candidates in the primary election for the three-year terms by the borough clerk. Plaintiff, Michael Madden, has not been certified as a candidate in the primary election.
Thursday, April 13, 1989, was the last day for the filing of petitions for candidates to appear on the June 1989 primary ballot. Plaintiffs La Barbiera and Quaregna filed petitions for the three-year terms. The person nominated to run for the one-year unexpired council term was Albert Birchwale.
On Friday, April 14, 1989, Birchwale filed a letter stating that he declined to stand as a candidate in the primary election. A second letter declining to stand was filed on Monday, April 17, 1989.
A petition nominating plaintiff Madden to be the substituted candidate in the primary election replacing Birchwale was filed on April 17, 1989. That petition had Madden's "faxed" signatures.
Plaintiff Madden is presently a student at Purdue University and he anticipates graduating in the Spring of 1989. The law of New Jersey requires that a nominating petition have the candidate's signature in two places. N.J.S.A. 19:13-8 provides:
A candidate nominated for an office in a petition shall manifest his acceptance of such nomination by a written acceptance thereof, signed by his hand, upon or annexed to such petition, to which shall be annexed the oath of allegiance prescribed in section 41:1-1 of the Revised Statutes duly taken and subscribed by him before an officer authorized to take oaths in this State....
*283 It is undisputed that plaintiff Madden executed the nomination acceptance and oath of allegiance documents on Monday, April 17, 1989, in Indiana, "faxed" a copy to plaintiff democratic club that same day and also sent the original documents by express mail. On Monday, April 17, 1989, after receiving the "faxed" signatures of plaintiff Madden, plaintiff democratic club appended the "faxed" candidate signatures to the original nominating signatures and filed same with defendant Hegadorn as a nominating petition for a substituted candidate. No objection was raised by the borough clerk at the time of the filing.
On Tuesday, April 18, 1989, the acceptance of nomination, and oath-of-allegiance, forms with original signatures were received via express mail by plaintiff democratic club. These originals were appended to a photocopy of the nominating signatures and were brought to the office of defendant Hegadorn at approximately noontime for filing as an amended petition.
Defendant Hegadorn then advised that the originally filed petition had been deemed by her to be "defective" because of the "facsimile" signatures. Defendant Hegadorn had not received an objection to the petition but had decided that the petition was defective after consulting with the municipal attorney and others.
Thereafter there was an attempt to file the amended petition; however, defendant Hegadorn refused to accept the amended petition for filing. Then, in telephone conversations with plaintiffs' counsel, defendant Hegadorn stated her position that the originally filed petition was defective because of the facsimile signatures. She also iterated her position that she would not accept the amended petition.
On April 18, 1989, defendant Hegadorn certified plaintiffs Quaregna and La Barbiera to the Bergen County Clerk as candidates for the three-year council seats in the primary. Plaintiff Madden was not certified as a candidate. Three rival democratic candidates were also certified as candidates to the *284 county clerk. Thereafter defendant Hegadorn took the position that the petitions of plaintiffs La Barbiera and Quaregna were defective because of incomplete oath-of-allegiance forms on their petitions. Within hours of notification by phone full, complete and notarized oath-of-allegiance forms for plaintiffs La Barbiera and Quaregna were filed as amendments to the previously filed petitions. At that time defendant Hegadorn attached the "new" oath-of-allegiance forms of each candidate to their original petitions. Accordingly, she did not mail letters to the candidates, which had already been prepared, notifying them of the defects in the petition.
On April 20, 1989 at 9:00 a.m., plaintiffs appeared before this court and obtained an order to show cause why the clerk should not certify the three candidates in question. On the same day as the court hearing, April 20, 1989, plaintiff Madden flew into the State of New Jersey and re-signed the candidate's acceptance and oath of allegiance before a New Jersey notary. On the following day, April 21, 1989, an amended petition, consisting of a photocopy of the original Madden petition, with the new signatures and notarization, were delivered to defendant Hegadorn for filing. Defendant Hegadorn refused to file the amended petition.
Our Supreme Court stated in Wene v. Meyner, 13 N.J. 185 (1953):
A statute is not to be given an arbitrary construction, according to the strict letter, but rather one that will advance the sense and meaning fairly deducible from the context. [at 197]
N.J.S.A. 19:13-8 requires a nominating petition to contain the candidates written acceptance of nomination, "signed by his hand." No provision of Title 19 explicitly requires original signatures. N.J.S.A. 19:13-8 makes it clear the Legislature wanted to be sure that candidates appearing on election ballots wished to run for office. However, that is not a problem in this case. In addition, in this case there is no allegation of fraud and it is undisputed that Madden did, in fact, personally sign the acceptance and oath of allegiance before the *285 filing deadline. The original document was delivered on April 21, 1989. It appears that it was only the unfortunate failure of the United States Postal Service that necessitated the "fax" filing.
N.J.S.A. 19:13-13 states:
A candidate whose petition of nomination, or any affidavit or affidavits thereto, is defective, may cause such petition, or the affidavit or affidavits thereto, to be amended in matters of substance or of form as may be necessary, but not to add signatures, or such amendment or amendments may be made by filing a new or substitute petition, or affidavit or affidavits, and the same when so amended shall be of the same effect as if originally filed in such amended form; but every amendment shall be made on or before the 48th day before the primary election for the general election. This provision shall be liberally construed to protect the interest of candidates. [See N.J.S.A. 19:23-58 providing that `Any provision of this title which pertain particularly to any election or to the general election shall apply to the primary election for the general election insofar as they are not inconsistent with the special provisions of this title pertaining to the primary election for the general election']
Thus, N.J.S.A. 19:13-13 provides that a defective petition may be amended on or before the 48th day preceding the primary election and N.J.S.A. 19:23-20 allows for the amendment of defective petitions within three days. It is undisputed that plaintiff Madden filed his "original" signatures the day after he timely filed the "fax" petition. His amendment was filed before the 48th day preceding the primary, within three days of filing the original, and before receiving a notice of defect.
Numerous cases hold that nominating petitions filed without the proper, statutorily required, verifications may be amended. See Lawson v. Davis, 116 N.J. Super. 487 (App.Div. 1971); In re Feldman, 116 N.J. Super. 127 (App.Div. 1971), and In re Chirico, 87 N.J. Super. 587 (App.Div. 1965). Compare Smith v. Hayes, 59 N.J. 236 (1971), which struck down the requirement of five verifications for a general election nominating petition as arbitrary and allowed a petition to stand with only one verification. In the case of In re Chirico, 87 N.J. Super. 587 (App.Div. 1965), the court said:
As we read the Election Act, and particularly those provisions relating to primaries, we perceive an evident legislative purpose to afford the electorate maximum opportunity to vote on those whose names have been put forward by *286 nomination. The opportunity of voters to express their choice at a primary election should not be diminished by too narrow a reading of Chapter 23 of Title 19. Our highest court has clearly expressed itself in this area, holding that election laws are to be construed liberally to effectuate their purpose; they should not be construed so as to deprive voters of their franchise. Wene v. Meyner, 13 N.J. 185, 197 (1953); Kilmurray v. Gilfert, 10 N.J. 435, 440 (1952). [87 N.J. Super. at 592]
N.J.S.A. 41:2-17 provides in part:
Any oath, affirmation or affidavit required or authorized to be taken, ... for any lawful purpose whatever, ..., when taken out of this state, may be taken before any notary public of the state, territory ... in which the same shall be taken....
Thus, this statute recognizes notaries public of other states as qualified to take affidavits.
In any event, the court concludes that any technical defects in the notarizations of plaintiffs' petitions have been cured. Plaintiff Madden has, on two separate occasions, sworn the oath of allegiance. The court concludes that his petition should be accepted. Both La Barbiera and Quaregna filed nominating petitions with the municipal clerk on April 13, 1989, the last day for filing such petitions. The municipal clerk filed them and then on April 18, 1989 certified both candidates to the county clerk, pursuant to N.J.S.A. 19:23-22.1. N.J.S.A. 19:13-10 provides, in pertinent part, as follows:
Every petition of nomination in apparent conformity with the provision of this Title shall be deemed to be valid, unless objection thereto be duly made in writing and filed with the officer ... not later than the fourth day after the last day for filing of petitions.
N.J.S.A. 19:13-11 requires the clerk to pass upon the validity of objections and N.J.S.A. 19:23-22.1 requires that the clerk certify to the county clerk, within six days following the last day for filing petitions, the names of candidates. In this case no objection was made and plaintiffs La Barbiera and Quaregna were certified to the county clerk as candidates on April 18, 1989. Only in response to litigation by plaintiff Madden did defendant Hegadorn raise objection to the petitions of these plaintiffs.
*287 Plaintiffs La Barbiera and Quaregna were first put on notice of the alleged defect on Wednesday, April 19, 1989. Counsel for defendant Hegadorn advised in a telephone message to the office of counsel for plaintiff Madden that the two additional plaintiffs would be challenged. Within hours of receiving notice, both candidates filed with defendant Hagedorn an amended petition, containing "new" oath-of-allegiance forms, duly sworn and executed before a person authorized to take oaths in this State.
Facsimile technology is relatively new. It is common knowledge that "fax" machines electronically scan documents, reduce the documents to a series of digital signals and transmit them over telephone lines to a receiving machine which reassembles the signals and then reproduces the original documents. There is no evidence of fraud or wrongdoing in this case. It is the policy of this State to liberally construe election laws so as to allow candidates to appear on the ballot in primary elections, and the court finds and concludes, based on the undisputed facts before the court in this case, that the names of plaintiffs Madden, La Barbiera and Quaregna should appear as democratic candidates in the primary election.
NOTES
[1] This case was presented to the court on a stipulation of facts.