The Honorable Terry D. Jones Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 North College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
I am writing in response to your request for an opinion on the following questions:
 1. May the County Clerk and/or Election Commission accept a faxed petition to run for school board, either as a regular candidate or as a write-on?
 2. May the County Clerk and/or Election Commission refuse to put a name or issue on any ballot if they have only received a faxed Petition?
 3. If the Clerk/Commission were to allow a name or issue on a ballot based on a faxed Petition, would this void the election?
RESPONSE
It may be helpful before summarizing my response to briefly clarify the general procedure with respect to school board candidacy. The county board of election commissioners is required to place on the school election ballot the names of persons who qualify as candidates through a petition process under A.C.A. § 6-14-111 (Supp. 2005). This Code section contains a separate provision for write-in candidacy that does not involve a petition, but instead requires the election commission to count votes for a write-in candidate who timely notified the commission of his or her intent to be a write-in. Id. at subsection (c).
It is my opinion that the transmission of a petition to the county clerk's office by facsimile machine likely fails to meet the petition filing requirement for school board candidacy. The notice requirement for write-in candidacy is, on the other hand, in my opinion likely satisfied by a fax. It is therefore my opinion that the answer to your first question is "no" regarding the clerk accepting a faxed petition, and "yes" regarding the election commission's acceptance of a candidate's faxed notice of intent to be a write-in. With regard to your second question, it is my opinion, consonant with the foregoing, that the county clerk may refuse to certify the sufficiency of a faxed petition supporting a school board candidate. I will note, however, that if the clerk nevertheless accepts a faxed petition and certifies the sufficiency of the petition to the board of election commissioners, it is my opinion that the election commission may not, based solely upon the faxed petition, refuse to place the candidate's name on the ballot. I am unable to definitively address this question as it pertains to an "issue on any ballot" as this would depend upon the specific issue and the statutory procedure applicable thereto. The answer to your third question is "no," in my opinion.
Question 1 — May the County Clerk and/or Election Commission accept afaxed petition to run for school board, either as a regular candidate oras a write-on?
I will first address the requirements for write-in candidacy. As explained above, there is no petition in the case of a write-in candidate. Rather, this involves notice to the board of election commissioners as follows:
 Votes for a write-in candidate for school district director shall not be counted or tabulated unless not later than forty (40) days before the annual school election the candidate notifies in writing the county board of election commissioners of his or her intention to be a write-in candidate.
A.C.A. § 6-14-111(c) (Supp. 2005) (emphasis added).
The statute does not prescribe any particular form of writing or otherwise specify a mode or method for providing the requisite written notification. Determining the meaning of this requirement requires that the statute be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. See generallyCity of Fort Smith v. Carter, No. 05-198 (Ark.Sup.Ct. Nov. 10, 2005). The common definition of "writing" is "[a]ny intentional recording of words in a visual form, whether in the form of handwriting, printing, typewriting, or any other tangible form." Black's Law Dictionary 1641 (8th ed. 2004). It has been observed in this regard that "[t]he traditional definition of a `writing' is not limited to ink on paper. Rather, the essence of the requirement is that the communication be reduced to a tangible form." T. Smedinghoff R. Bro, Moving WithChange: Electronic Signature Legislation as a Vehicle for AdvancingE-Commerce, 17 J. Marshall J. Computer Info. L., 723, 735 (Spring, 1999). Perhaps consistent with the traditional concept of the term and in recognition of the fact that documents are often transmitted by facsimile machines, there is case law suggesting that a facsimile document constitutes a "writing." See Bazak Int'l Corp. v. Mast Indus., Inc.,535 N.E.2d 633 (N.Y. 1989) (assuming faxes to be writings under the Statute of Frauds); American Multimedia Inc. v. Dalton Packaging, Inc.,143 Misc.2d 295 (N.Y.Sup.Ct. 1989) (assuming a faxed purchase order to be a writing for purposes of a federal arbitration statute.) See also
Smedinghoff and Bro, supra at 736 (stating with regard to commercial transactions that "the case law suggests that courts would find that electronic records can meet the statutory writing requirements . . .").
The absence of Arkansas precedent makes it difficult to predict with certainty our court's approach to issues concerning the meaning and effect to be accorded faxed documents. This clearly is an emerging area of the law. It is my opinion, however, based upon the common meaning of the term "writing" and the limited available authority, that the notification requirement under A.C.A. § 6-14-111(c) can likely be satisfied by a fax. This conclusion appears consistent, moreover, with the statute's plain purpose of ensuring that write-in votes are only counted for those who intend to be candidates. A faxed notice would appear to satisfy this purpose. Compare Madden v. Hegadorn,236 N.J. Super. 280, 565 A.2d 725 (1989) (concluding that facsimile signatures satisfied a New Jersey law (see N.J.S.A. 19:13-8) requiring that a nominating petition must contain a candidate's written, signed "acceptance of nomination" and "oath of allegiance.")[1] Additionally, the risk of fraud that might be an obstacle in another setting, such as "e-commerce" (see Smedinghoff Bro, supra), is not apparent. Compareagain Madden, supra at n. 1. I believe it is also of note that our court ascribes to the liberal construction of election laws in recognition of the "fundamental right" to become a candidate for public office. PopulistParty v. Linda Chesterfield Democratic Party, No. 04-994 (Ark.Sup.Ct. Oct. 7, 2004).
It is therefore my opinion in response to your first question that the election commission in all likelihood must accept a timely faxed notice of a candidate's intent to be a write-in candidate. If the commission for some reason questions the veracity of the fax, I see no reason why it could not request an original document in place of the questionable facsimile. But I do not believe this would defeat the timeliness of the notice.
It is my opinion that a different conclusion obtains, however, with regard to a petition to run for school board. As indicated above, those wishing to have their names placed on the ballot as candidates for school board must do so by qualifying through a petition process. Section6-14-111 provides in pertinent part in this regard:
 (b)(1) The county board of election commissioners shall place on the ballots as candidates for school district director names of any qualified voters whose names have been filed and verified by the county clerk.
 (2) The county clerk shall certify to the board of election commissioners that the petition contains the names of at least twenty (20) qualified registered voters who are residents of the district and respective electoral zone, if directors are elected from zones, at least forty-five (45) days before the annual school election.
 (3) Candidates shall circulate the petitions no earlier than ninety (90) calendar days before the annual school election.
A.C.A. § 6-14-111(b) (Supp. 2005) (emphasis added).
The general concept of "filing" involves "the act of leaving or depositing the paper in the proper office . . . to be received by [the officer] and kept on file." Republican Party of Garland County v.Johnson, No. 04-509 (Ark.Sup.Ct. Sept. 23, 2004) (quoting Stanislausv. Austin, 202 Ark. 441, 150 S.W.2d 610 (1941) and Westbrook v.McDonald, 184 Ark. 740, 43 S.W. 2d 356 (1931). Unlike with respect to a "writing," I have found no authority for the proposition that the traditional concept of "filing" is broad enough to include a facsimile transmission. I can only surmise that this is attributable to the fact that requiring a document to be "filed" necessarily includes the act of presenting the instrument, whereas technically, information may be transmitted by fax machine without a document being reproduced. This, coupled with the absence of any case law authority, compels me to conclude that a faxed petition likely fails to satisfy the filing requirement under A.C.A. § 6-14-111(b).
It may also be relevant to note in this regard that the legislature has authorized facsimile transmissions in certain specific contexts. See,e.g., A.C.A. §§ 7-6-207(a)(3) (report of contributions to candidates) and7-5-403 (absentee ballot applications). See also Ark. Rules Civ. P., Rule 5(c)(2) (requiring clerks to accept for filing facsimile copies of pleadings). Had the legislature intended to similarly authorize the county clerk to accept facsimile transmissions of nomination petitions in satisfaction of the filing requirement under A.C.A. § 6-14-111, it could easily have done so. See generally Gazaway v. Greene County EqualizationBd., 314 Ark. 569, 575, 864 S.W.2d 233 (1993) (regarding the fundamental principle of statutory construction expressed by the phrase expressiounius est exclusio alterius, meaning that "the express designation of one thing may properly be construed to mean the exclusion of another.")
It is therefore my opinion that the answer to this question is in all likelihood "no" regarding the county clerk; that is, the clerk in my opinion may not accept a faxed petition to run for school board.
Question 2 — May the County Clerk and/or Election Commission refuse toput a name or issue on any ballot if they have only received a faxedPetition?
As regards the county clerk, I assume the question is whether the clerk may refuse to certify the sufficiency of a petition that has been transmitted via fax, whether it involves a candidate's nomination under A.C.A. § 6-14-111, supra, or an issue for the ballot. I cannot address the question as it pertains to an "issue" because that would require reference to the particular governing statute, and you have provided no specific information in this regard. It is my opinion that the answer is "yes" regarding § 6-14-111, for the reasons stated above. The county clerk of necessity has the right to determine the prima facie sufficiency of the nominating petition. Cf. Carroll v. Schneider, 211 Ark. 538,201 S.W.2d 221 (1947) (regarding an election commission's authority under prior law to determine the prima facie sufficiency of an independent candidate's nominating petition). See also Swiderski v. Goggins,257 Ark. 164, 514 S.W.2d 705 (1974). Because a faxed petition for school board fails, in my opinion, to satisfy the filing requirement, the clerk may determine such a petition to be prima facie insufficient.
With regard to the election commission, this question appears to be premised upon the assumption that the county clerk has certified the sufficiency of the petition to the board of election commissioners. Notwithstanding the above conclusions, it is my opinion that the election commission may not refuse to place a name or an issue on the ballot in that instance, based solely upon the fact that the petition was faxed to the clerk. This conclusion follows, in my opinion, from the well-established principle that that the election commission generally performs a ministerial function in preparing and furnishing the ballots.See State v. Craighead County Board of Election Commissioners,300 Ark. 405, 409, 779 S.W.2d 169 (1989) (stating that such commissions' actions are ministerial only, and that they "[d]o not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law.") The court inCraighead County discussed the proper legal proceeding to file to determine the eligibility of a candidate and to decide whether his or her name should be placed on or removed from a ballot. 300 Ark. at 412. It was concluded that mandamus coupled with a declaratory judgment action is the proper proceeding. Id.
The answer to this question is therefore "no," in my opinion, regarding the election commission.
Question 3 — If the Clerk/Commission were to allow a name or issue on aballot based on a faxed Petition, would this void the election?
No. The Arkansas Supreme Court has echoed with approval the following admonition regarding a court's power to void an election based on election irregularities:
 `The failure to comply with the letter of the law of election officers, especially in matters over which the voter has no control, and in which no fraud is perpetrated, does not as a general rule render an election void, unless the statute expressly makes it so. Allen v. Ranklin, 269 Ark. 517, 521, 602 S.W.2d 673, 675 (1980) (quoting Goggin v. Ratchford, 217 Ark. 180, 229 S.W.2d 130 (1950)).'
Alexander v. Davis, 346 Ark. 310, 316, 58 S.W.3d 340 (2001) (quoting with approval Henard v. St. Francis Election Commission, 301 Ark. 459,783 S.W.2d 598 (1996)).
There is no express authority for voiding an election based upon a faxed petition. Accordingly, the answer to this question is "no," in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Madden involved a clerk's refusal to accept a nominating petition because it was filed with fax copies of two forms containing the requisite signature of the prospective candidate. It was the clerk's position that the filed petition was defective because of the facsimile signatures. 236 N.J. Super. at 283. The court disagreed, stating:
 N.J.S.A. 19:13-8 requires a nominating petition to contain the candidates [sic] written acceptance of nomination, `signed by his hand.' No provision of Title 19 explicitly requires original signatures. N.J.S.A. 19:13-8 makes it clear the Legislature wanted to be sure that candidates appearing on election ballots wished to run for office. However, that is not a problem in this case. In addition, in this case there is no allegation of fraud and it is undisputed that Madden did, in fact, personally sign the acceptance and oath of allegiance before the filing deadline.
Id. at 284-85. The court also noted the state's policy of liberally construing election laws to allow candidates to appear on the primary ballot. Id. at 287.